UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**1010DATA SOLUTIONS, LLC**,

     Plaintiff,

                                No. 2:20-cv-2116

v.

**CITY OF MEMPHIS,**

     Defendant.

_____

## COMPLAINT FOR BREACH OF CONTRACT
_____

The Plaintiff, 1010data Solutions, LLC, by and through counsel, hereby states a cause of action against Defendant, City of Memphis, as follows:

### I.  INTRODUCTION

1.  Plaintiff offers clients, such as defendant, software as a service which is accessed over the internet.  Plaintiff also offers related ancillary services to help clients use the software.

2.  The software provides clients with a full-featured database creation, data upload, database hosting, database management and database analysis facility ("Data Analysis Facility") that can relatively quickly and flexibly analyze many billions of rows of data.   1010data clients for many years include public companies in the United States and the United States government.

3.  Plaintiff entered into an Enterprise Analytics Solutions Agreement (the "Agreement") with the City of Memphis on April 12, 2013, whereby Plaintiff agreed to provide the City of Memphis the Data Analysis Facility and related services. The Agreement was amended, in writing, no less than seven times to extend the term of the Agreement and to make other agreed changes.

4.   The City of Memphis breached the Agreement and its incorporated amendments by attempting to terminate the contract before the expiration of the amended term. The City's breach of the Agreement has caused Plaintiff significant damages of over $750,000.00.

## II.  PARTIES, JURISDICTION, AND VENUE

5.   Plaintiff is a Delaware limited liability company with its principal place of business at 750 Third Ave, 4th Floor, New York, NY 10017.

6.   Defendant City of Memphis is an incorporated community within the State of Tennessee and may be served with process via Jennifer Sink, Chief Legal Officer, 125 N. Main St. Room 336, Memphis, TN 38103.

7.   This Court has jurisdiction pursuant to 28 U.S.C. § 1332(a) because the suit involves a controversy between citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

8.   Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

## III.  FACTS

9.   As of April 12, 2013, Plaintiff and Defendant entered into an Enterprise Analytics Solution Agreement (the "Agreement"). The Agreement is attached hereto as Exhibit A and is incorporated herein by reference.

10. The original Term of the Agreement was for "a minimum of three years from the Start Date" that could "be terminated by either party thereafter upon thirty (30) days advanced written notice." Ex. A at ¶ 9(a).

11. On March 9, 2016, Plaintiff sent a proposal to Defendant dated March 9, 2016.  The proposal proposed to extend the Agreement for an "additional three (3) years" and stated, with

respect to the Annual Amount of pricing proposed, that "Amounts based upon a 36 month commitment."

12. The parties then entered into Amendment No. 5, attached hereto as Exhibit B and incorporated herein by reference, on April 12, 2016.

13. Amendment No. 5 states: "The Agreement is hereby extended for three (3) years from the Effective Date ('Term')." Ex. B. at ¶ 1.

14. The "Effective Date" of Amendment No. 5 is April 12, 2016. *See* Ex. B at 1.

15. The three-year extension of Amendment No. 5 was divided into two successive periods: a Transition Period and an Extension Period. Ex. B. at ¶ 2.

16. Under Amendment No. 5, Plaintiff provided differing services during the Transition Period and the Extension Period. During the Transition Period, Defendant received services from Plaintiff and Metric Insights, Inc. During the Extension Period, which was to conclude on April 11, 2019, Defendant received services from Plaintiff only. Ex. B. at ¶ 2; *see* Ex. A. at 1, ¶ B.

17. Amendment No. 5 provides that Defendant would pay Plaintiff different fees during the Transition Period and Extension Period. Ex. B. at ¶ 3.

18. Amendment No. 5 states: "All other terms and conditions as set forth in the Agreement as amended that are not inconsistent with this Amendment remain in full force and effect." Ex. B at ¶ 4.

19. The parties entered into Amendment No. 6, attached hereto as Exhibit C, on or about August 31, 2016**.**

20. Amendment No. 6 enlarged the Transition Period to December 31, 2016, and modified the fees to be paid during the Transition Period, but did not change the three-year "Term" contained in Amendment No. 5. Ex. C. at ¶ 1.

21. Amendment No. 6 states: "The Term will remain three (3) years in length as per Amendment 5…." Ex. C. at ¶ 1.

22. The parties further confirmed the three-year extension in the recitals of Amendment No. 6: "WHEREAS, Amendment 5 extended the Agreement for three (3) years through April 12, 2019, ('Term')…." Ex. C. at 1.

23. Amendment No. 6 states: "All other terms and conditions as set forth in the Agreement as amended that are not inconsistent with this Amendment shall remain in full force and effect." Ex. C. at ¶ 3.

24. On or about December 20, 2016, Plaintiff confirmed with Defendant that the fees under the amended Agreement were contingent on the three-year "Term" agreed to in Amendment No. 5.

25. The parties entered into Amendment No. 7, attached hereto as Exhibit D, on or about January 18, 2017.

26. Amendment No. 7 enlarged the "Transition Period" to December 31, 2016, and modified the fees to be paid during the Transition Period, but did not change three-year "Term." Ex. D. at ¶ 1.

27. Amendment No. 7 states: "The three (3) year Term under Amendment 5 will remain the same…." Ex. D. at ¶ 1.

28. Amendment No. 7 states: "All other terms and conditions as set forth in the Agreement as amended that are not inconsistent with this Amendment shall remain in full force and effect." Ex. D. at ¶ 3.

29. The extended Term to which the parties agreed in Amendments Nos. 5, 6, and 7 is inconsistent with the original Term provided in the Agreement.

30. Amendments Nos. 6 and 7 reaffirmed the Term as amended by Amendment No. 5.

31. The Agreement is governed by New York law. (Ex. A at ¶ 24.)

32. Under New York contract law, "where there is a conflict between the old language and the new, the new terms control." *Jacob Gold Realty Inc. v. Sckoczylas*, 720 N.Y.S.2d 324, 324 (N.Y. App. Term 2000).

33. It was agreed that the amended Term of the Agreement would expire on April 11, 2019, three years after the Effective Date in Amendment No. 5.

34. On July 3, 2017, Defendant's Chief Information Officer Brent Nair wrote Plaintiff, attempting to give notice of termination of the Agreement more than 21 months prior to the end of the extended term. A copy of the letter is attached hereto as Exhibit E and incorporated herein by reference.

35. Plaintiff rejected Defendant's purported notice of termination in writing.

36. Defendant failed to pay fees to Plaintiff as required under the amended Agreement.

37. Defendant owes Plaintiff $623,194.00 in fees, excluding interest, costs, or expenses.

## IV.  BREACH OF CONTRACT

38. Defendant breached the Agreement with Plaintiff.

39. Defendant's attempt to terminate the Agreement before the expiration of the amended Term constitutes a breach of contract.

40. Defendant's failure to pay fees to Plaintiff as required under the amended Agreement constitutes a breach of contract.

41. Defendant's breaches of contract have caused Plaintiff damages.

42. With respect to non-payment of fees, the Agreement states:

Any fees or amounts due under this Agreement not received within thirty (3) days
after the due date shall be considered a "Payment Default" and will accrue interest

from the due date at a rate of one (1%) per month…. Client [City of Memphis] also shall pay to 1010data all reasonable expenses incurred by 1010data in exercising any of its rights under this Agreement or applicable law with respect to a Payment Default by Client.

Ex. A. at ¶ 6.a.

43. Interest continues to accrue on the fees Defendant owes Plaintiff in the amount of an additional $6,231.94 per month.

44. Defendant is liable to Plaintiff for all amounts due under the amended Agreement, plus interest, costs, and expenses.

WHEREFORE, Plaintiff 1010data Solutions, LLC respectfully requests as follows:

1. That proper process issue;

2. That the Court enter judgment against Defendant for all amounts due under the amended Agreement, including interest, costs, and expenses, totaling no less than $900,000.00;

3. That the Court award Plaintiff pre- and post-judgment interest;

4. That the Court award Plaintiff its costs, expenses, and attorneys' fees; and

5. That the Court grant Plaintiff such other and further relief to which Plaintiff may prove entitled.

Respectfully submitted,

/s/ Christopher M. Myatt
Shea Sisk Wellford (016947)
Christopher M. Myatt (024629)
MARTIN, TATE, MORROW & MARSTON, P.C.
International Place, Tower II
6410 Poplar Ave, Suite 1000
Memphis, Tennessee 38119
(901) 522-9000
(901) 527-3745 – fax
sheawellford@martintate.com
cmyatt@martintate.com

*Attorneys for Plaintiff*